# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

     v.                                        Criminal No. 13-01152 WJ

GABRIEL MIRABAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SEVER OFFENSES

THIS MATTER comes before the Court upon Defendant's Motion to Sever Offenses, filed June 29, 2015 **(Doc. 231)**.  Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and thus, it is denied.

## BACKGROUND

Defendant Mirabal ("Mirabal") and three other individuals have been charged with cocaine possession and distribution.   Mirabal is the lead defendant in an alleged narcotics conspiracy which operated from March 2012 to April 2013.[1]   In this motion, Mirabal argues (1) that Counts 5 and 6 were improperly joined under Fed.R.Crim.P. 8(a) because they do not share a sufficient nexus with the other charges to permit joinder; and (2) that the Court must sever these counts because a joint trial of the felon in possession charges alongside the narcotics charges will prejudice his right to a fair trial.

A Superseding Indictment dated September 9, 2014 charges Defendant with the following five counts:

---

[1]  Details of the investigation leading up to the Superseding Indictment are contained in the Court's previous Memorandum Opinion and Orders, Docs. 197 and 224.

| | |
|---|---|
| Count 1: | Conspiracy to distribute cocaine base, in violation of 21 U.S.C. §846; |
| Count 2: | possession with intent to distribute 500 Grams and More of Cocaine, in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(B); |
| Count 3: | Possession With Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); |
| Count 4: | Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. 924(c); |
| Count 5: | Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g); and |
| Count 6: | Possession of Body Armor by a Felon Convicted of a Crime of Violence, in violation of 18 U.S.C. § 922(g). |

*See* Doc. 160 (Superseding Indictment, Redacted).

On April 24, 2013, Drug Enforcement Agency ("DEA") agents executed two separate search warrants, one for Defendant's residence and the second for a storage unit rented by Defendant.   At the residence, agents found:

1.    A Ruger SR40C .40 caliber pistol on the nightstand in the master bedroom;
2.    A Ruger magazine with seven .40 caliber rounds;
3.    Thirteen boxes of .223 ammunition in a linen closet;
4.    A scale in its box in the laundry room;
5.    Shrink wrap in a kitchen drawer;
6.    A scale in a kitchen cabinet bottom drawer;
7.    21.6 grams of suspected crack cocaine contained inside a hidden false bottom of a Monster energy drink in the refrigerator;
8.    47.2 grams of suspected crack cocaine contained in a plastic baggie in the kitchen drawer in front of the sink (turned out not to be controlled substance);
9.    935.5 grams of suspected marijuana contained inside a glass jar in the bottom left kitchen cabinet;
10.    610.8 grams of suspected marijuana contained inside a glass jar in the bottom left kitchen cabinet; and
11.    553.5 grams of a powdery substance inside a clear zip lock bag in the pull out cabinets at the front of the sink (turned out not to be controlled substance.

As a result of the search of the storage unit, DEA agents found a bulletproof vest inside a plastic container.  The Ruger pistol and ammunition seized from Defendant's home provides the factual basis for Counts Four and Five, while the bulletproof vest is the basis for the felon in possession of body armor charge in Count 6.

**DISCUSSION**

The joinder of offenses in a criminal trial is governed by Rules 8(a) and 14 of the Federal

Rules of Criminal Procedure. Rule 8(a) allows for the joinder of offenses when:

- the offenses "are of the same or similar character,"
- or are based on the same act or transaction,
- or are connected with or constitute parts of a common scheme or plan."

Fed.R.Crim.P. Rule 8(a); *U.S. v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992).  If two or

more offenses are properly joined under Rule 8(a), the joinder is also subject to scrutiny under

Rule 14, which provides: "[i]f the joinder of offenses or defendants in an indictment, an

information, or a consolidation for trial appears to prejudice a defendant or the government, the

court may order separate trials of counts, sever the defendants' trials, or provide any other relief

that justice requires." Fed.R.Crim.P. 14(a). Under Rule 14, the determination of risk of prejudice

and the decision whether to grant a motion to sever is soundly within the discretion of the trial

court. *Zafiro v. U.S.*, 506 U.S. 534, 541; *U.S. v. Haworth*, 168 F.R.D. 658 (D.N.M. 1996).  In

determining whether to grant a motion to sever, the district court must weigh the potential

prejudice to the defendant against the considerations of judicial economy and efficiency. *Zafiro*,

506 U.S. at 537; *U.S. v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994).

**I.      Whether Joinder of Counts 5 and 6 Was Proper**

Defendant contends that Count 5 must be severed because it satisfies none of Rule 8(a)'s

provisions in that narcotics possession and trafficking is an entirely separate act from the

narcotics offense.  Defendant bases this argument on the fact that the narcotics were found in the

kitchen where the firearms were found in other locations in the residence.  However, the fact that

drugs were found in a separate place in the residence does not support severance, and no case

cited by Defendant supports his position.  Defendant attempts to rely on *U.S. v. Valentine* by

trying to distinguish that case from the present situation. 706 F.2d. 282, 289-91 (10th Cir. 1983). In *Valentine,* the Tenth Circuit held that joinder of cocaine offenses and weapons offenses in one indictment was not improper. Defendant argues that *Valentine* does not apply here because in that case, the guns and drugs were found "together in the kitchen" where here, they were found in separate searches. Doc. 231 at 9. However, the Court's conclusion in *Valentine* did not necessarily turn on whether guns and drugs were found in the same *room*, but because they were incidental to the same *search. See U.S. v. Price*, 265 F.3d at 1105 (distinguishing *Valentine* from case at bar "because in *Valentine* the firearms and narcotics were discovered during the same search" but nevertheless finding distinction "not relevant when there is specific testimony concerning the relationship of Defendant's firearms and narcotics violations").[2]

Defendant also contends that Count 6, the body armor count, must be severed because it satisfies none of Rule 8(a)'s provisions. First, he contends that narcotics offenses are not "of the same or similar character" as a felon in possession of body armor. Second, Defendant also argues that the body armor charge is not based on the same act or transaction as the narcotics charges because Count 6 is based solely on possession of the bulletproof vest found in the storage unit and the drug charges arise from the alleged possession two months earlier of narcotics in a vehicle owned by another person and on cocaine found in his residence. He also claims that "no evidence whatsoever exists to connect the body armor to any of the alleged drug activity." Doc. 231 at 6. Third, Defendant contends that the body armor charge and the narcotics charges do

---

[2] Cases holding that joinder is proper because the drugs and weapons were found in the same *room* during the same search does not necessarily lead to the conclusion that joinder is **not** proper where the drugs sand weapons were found during the same search, but in different rooms. *See, e.g., U.S. v. Page*, 657 F.3d 126 (2d Cir. 2011) (joinder was proper of defendant's narcotics charges with charge of possession of firearm by a convicted felon, and therefore, district court did not abuse its discretion in denying defendant's motion to sever, where gun and bags of heroin were found in same bedroom at same time as part of same search). In other words, Defendant is drawing inferences from the factual scenarios in these cases that are not legally supportable.

not constitute part of a common scheme or plan, and claims that there is no evidence whatsoever to link the possession of body armor with the narcotics offenses.

A.      Common Scheme or Plan

The Court agrees with the Government that joinder satisfies all three of Rule 8(a)'s considerations.   First, the possession of body armor and possession of a firearm were properly joined because they are part of the same "common scheme or plan."  The fact that the pistol was found on Defendant's nightstand, next to his bed, makes it more likely that Defendant intended to use the weapon (which was loaded) to protect the drugs that were kept in another room than if he stored the gun near the drugs in the kitchen.  As the Government points out, it would be almost "comical" to suggest that the pistol needed to be in the kitchen right next to the cocaine in order to "protect" the cocaine while Defendant slept in another room.

Similarly, despite the fact that the seized body armor was not kept within immediate use of Defendant or kept within an arms-length of where the drugs were kept, the armor can be also be considered a component of Defendant's drug trafficking efforts.   Defendant contends that there is no evidence whatsoever to link the possession of body armor with the narcotics offenses, relying for support on the Court's Memorandum Opinion and Order Denying Defendant's Motion to Suppress (Doc. 224).   However, Defendant appears to ignore the Court's analysis and findings in that Order that addressed the legality of the search of the storage unit and which concluded that there was in fact a connection between illegal drug activity, the truck used by Defendant and the storage unit:

> . . . the facts in the affidavit connect Mirabal to alleged illegal drug trafficking, to the use of his GMC truck in that activity, and to the storage of that truck in the unit that was searched. Given these circumstances, it was reasonable for law enforcement agents to believe that contraband or evidence of this criminal activity would be inside the storage unit.

Doc. 224 at 7.

Defendant's argument that a temporal separation between the offenses militates against joinder is not supported by the relevant case law.  *See, e.g., U.S. v. Coleman,* 22 F.3d 126, 133 (7th Cir. 1994) ("Simply put, if offenses are of like class, although not connected temporally or evidentially, the  requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned); *U.S. v. Bagby*, 696 F.3d 1074 (any error in joining defendant's drug and felon in possession of ammunition counts did not affect defendant's substantial rights, even where ammunition and drugs were seized three months apart);  In this case, temporal proximity is satisfied because the evidence thus far (as indicated in the facts supporting the affidavit and warrant) indicates that Defendant possessed the body armor and pistol during and in relation to his ongoing drug trafficking conspiracy.  These offenses are also interrelated: the seizure of the body armor and pistol coincided with the seizure of illicit narcotics, and offer a sufficient basis to demonstrate proper joinder under Rule 8(a).  *See U.S. v. Price*, 265 F.3d at 1105 ("This court has previously affirmed the joinder of firearms and narcotics offenses under the theory 'that the firearms and the drugs were being used in pursuit of a common unlawful activity'") (citing *U.S.  v. Valentine,* 706 F.2d 282, 289 (10th Cir.1983)).

B.      Same or Similar Character

Defendant contends that the narcotics offenses are not the same type of offense as a felon in possession of body armor offense or the felon in possession offense under Rule 8(a).  In particular, Defendant notes that Count 4 (possession of a firearm in furtherance of a drug crime) also requires proof of possession of the handgun.  Thus, because that element is entirely different from the rest of the elements in the narcotics counts, the offenses are not of the same type and cannot be properly joined.  However, Rule 8(a) requires only that the joined offenses be of the

"same or similar character" and there is nothing in the Rule's language that requires identical elements in all the charges in order for a nexus to be found; nor has Defendant offered any legal support for this notion.

Defendant relies on *U.S. v. Hall,* 20 F.3d 1084 (10th Cir. 1994) to show that an absence of a link between the firearm and drugs requires severance.  However, *Hall* does not help Defendant's position because that case stands on different factual footing.   In *Hall,* drugs were found on top of a refrigerator in the kitchen of a residence while a firearm was found on the top shelf of a closet in an upstairs bedroom.  The Tenth Circuit affirmed the district court's dismissal of a §924(c) charge holding that the record showed no linkage between the firearm and drugs found on a different level of the house, and where there was no evidence of prior linkage between defendant and any firearm or drugs.  *Hall* did not involve a joinder issue under Rule 8(a), as does the instant case.

The §922(g) and §931 charges in Counts 5 and 6 concern Defendant's possession of items that have a potential to be used to facilitate later criminality, even though it is not illegal to possess them in and of themselves.  Thus, like the §924(c) charge in Count 4 (which Defendant does not challenge), there is sufficient similarity and overlap between the *potential* for use of these items so as to support joinder.  To be specific, both a gun and body armor can be used as "tools of the trade" in a drug trafficking scheme.  *See U.S. v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991) (collecting cases and noting that firearms, cash, and scales are "tools of the trade" in a drug trafficking scheme).  The appropriateness of joinder is not based on a sufficiency of evidence at this point, but only a finding that these items are of similar character.  *See U.S. v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001) (joinder of weapon and drug charges proper because logically related and of similar character).   In this case, there is enough of a similarity to make

that finding. *Cmp. U.S. v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992) (finding that joinder was proper for charges of felon in possession of firearm count properly and drug counts because possession of firearm was linked to facilitation of drug-trafficking charge).

C.     Based on Same Act or Transaction

Defendant argues that neither the firearm offense in Count 5 nor the body armor charge in Count 6 is based on the same act or transaction as the narcotics charges. However, the same factual underpinnings cited previously by the Court with regard to Rule 8(a)'s other two considerations apply here as well.

The problem with Defendant's argument is that it is presented in a vacuum, disregarding the Court's rulings on his unsuccessful motion to suppress. The Court has already found that there was a legal basis for the issuance of the warrant to search the storage unit or locker in which the body armor was found, because of a nexus between the storage unit to the alleged drug trafficking activities:

> The affidavit in question satisfies this standard: the facts in the affidavit connect Mirabal to alleged illegal drug trafficking, to the use of his GMC truck in that activity, and to the storage of that truck in the unit that was searched. Given these circumstances, it was reasonable for law enforcement agents to believe that contraband or evidence of this criminal activity would be inside the storage unit.

Doc. 224 at 7. Thus, it makes no sense for Defendant to argue here that the body armor count (Count 6) should be severed from the drug trafficking counts because there is no connection between the two, when the Court has already ruled that the Government could legally enter and search the storage locker based on Defendant's observed drug trafficking activities. For the same reason, the firearm charge in Count 5 is linked to Defendant's alleged drug trafficking activities sufficiently to warrant joinder. The firearm that was found in Defendant's residence was kept loaded and within reach of Defendant near where he slept, in the same

residence where drugs, packaging materials and multiple scales were found.  Under such circumstances, the gun's presence in Defendant's home is more than mere happenstance, and suggests the use of the firearm to facilitate the alleged drug trafficking.   Both the body armor and firearm can be characterized as providing protection to Defendant so that he could continue the alleged trafficking of narcotics undisturbed and unmolested.  This is sufficient to support joinder under Rule 8(a).

## II.      Whether Defendant is Prejudiced by Joinder of Counts 5 and 6

Prejudicial joinder occurs under Rule 14 of the Federal Rules of Criminal Procedure only "if an individual's right to a fair trial is either threatened or actually deprived." *U.S. v. Sturmoski*, 971 at 460.   Defendant here has the burden of showing "real prejudice" from joinder of the two counts.  *See U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993).

Defendant contends that he will be prejudiced by joinder of the narcotics and firearm charges because the jury will hear about his prior conviction by virtue of the felon in possession charges, and moves for severance of Counts 5 and 6 under Rule 14 on that basis.   Defendant stands on weak ground here, noting that a district court's decision on severance will be reviewed under an abuse of discretion standard, and acknowledging that the "bulk of Tenth Circuit law affirms the denial of a defendant's motion to sever. . . ."  Doc. 231 at 11.  *See U.S. v. Roe,* 495 F.2d 600, 604 (10th Cir. 1974 (finding no abuse of discretion in refusal to grant severance, and finding that court's limiting instruction was "adequate to protect the accused from prejudice").

There is no reason to sever the narcotics charges from felon in possession charges just to avoid making a jury aware of a defendant's prior felony conviction.  *See U.S. v. Page*, 657 F.3d 126 (2d Cir. 2011) (where a prior felony conviction is an element of a charged crime, the district court cannot withhold the fact of a prior conviction from the jury); *U.S. v. Valentine,* 706 F.2d at

290 (defendant failed to make a persuasive showing of prejudice where prior conviction did not receive undue emphasis at trial); *Sturmoski,* 971 F.2d at 460 (finding that prejudicial joinder did not occur where possession of the firearm was part of the drug trafficking offense and where "no undue emphasis was placed on [defendant's] prior conviction").  As the Government notes, there is no legal precedent to setting the bar so low, since Defendant is suggesting that the Government could *never* try §922(g) or §931 charges alongside other offenses.  *See U.S. v. Burkley,* 513 F.3d 1183, 1188 (10th Cir. 2008) (quoting *U.S. v. Valentine,* 706 F.2d 282, 290 (10th Cir. 1983)).

Defendant also argues that prejudice is more likely in this case because the prior offenses "are of the same nature of the charged offenses."  Doc. 231 at 10.  According to defendant, the jury will instantly assume Defendant guilty of the drug trafficking charges he now faces because of the evidence the Government will present on his prior conviction for cocaine trafficking.  However, prejudice is "more likely to occur when the offenses are of the exact same character." *U.S. v. Price,* 265 F.3d at 1105 (citing *Muniz,* 1 F.3d at 1023).   The weapon and body armor counts do not share an "exact" same character as the narcotics charges, and so this argument fails.  Moreover, the Court can eliminate any unfair prejudice that may result by providing the jury with a limiting instruction to the effect that the jury would be instructed not to consider Defendant's prior felony conviction except as it establishes that particular element of Counts 5 and 6.  *See U.S. v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989) (presumption that jurors will follow the limiting instructions that the Court gives them); *Zafiro,* 506 U.S. at 539 (limiting instructions "often will suffice to cure any risk of prejudice" posed by joinder); *U.S. v. Small,* 423 F.3d 1164, 1182 (10th Cir. 2005 (stating that Supreme Court has "sanctioned" limiting instructions 'as an alternative to the more drastic remedy of severance").

Therefore, any prejudice that may flow from joinder is an insufficient reason to employ the extreme measure of severance where there is a more viable solution available.  Because Defendant has not met his burden of showing "real prejudice" from joinder of Counts 5 and 6, there is no basis to sever these counts from the others.

**III.     Policy Considerations**

The Government offers policy considerations which are persuasive, but unnecessary, since the Court finds that joinder was proper and that severance is not warranted under Rule 8(a) and Rule 14.   Nevertheless, these considerations have merit and are worth mentioning.  The first concern is the avoidance of inconsistent verdicts and the second is the unnecessary expenditure of public funds on a second trial for the severed counts.  *U.S. v. Janus Industries*, 48 F.3d 1548, 1557 (10th Cir. 1995) (noting that Rule 8(a) is construed broadly in order to "enhance the efficiency of the judicial system").  The third policy consideration offered by the Government is the delay that will result in bringing this case to trial in its entirety if Defendant's request to sever is granted.  Considering that Defendant will have been in custody awaiting trial for almost two and a half years, and the difficulty of scheduling time for trial in the Court's docket, these concerns are legitimate.

However, the Court's ruling on the motion rests primarily on the finding that the joinder of Counts 5 and 6 was appropriate in this case; that severance of those counts is not warranted and that Defendant has not shown "real prejudice" from the joinder.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Sever Offenses, filed June 29, 2015 (**Doc. 231**) is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE