# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                   Criminal No. 13-01152 WJ

GABRIEL MIRABAL,

      Defendant.

## ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DISCUSSION OF IRRELEVANT EVIDENCE

THIS MATTER comes before the Court upon the Government's Motion in Limine to Prohibit Discussion of Irrelevant Evidence, filed November 16, 2015 **(Doc. 273)**.  Specifically, the Government seeks to exclude discussion or reference to the lack of monitoring by DEA agents of "after hours" phone interceptions.  The Court recently addressed this issue in the context of Defendant's renewed motion to suppress, rejecting Defendant's argument that DEA agents failure to monitor Defendant's "after hours" phone calls negated the necessity requirement for a Title III wiretap.  *See* Doc. 299.   In that Order, the Court found that the failure to monitor "after hours" calls was both overblown in the actual number of unmonitored calls and in its significance.

In the instant motion, Defendant suggests that evidence of unmonitored "after hours" phone calls is critical to support a lesser-included offense which Defendant has put forward in his proposed jury instructions, and also relevant to his entire defense because some of the unmonitored calls "could have revealed evidence" that would tend to prove or disprove the

elements of the offenses at issue and perhaps even constitute exculpatory evidence. *See* Doc.

276 at 2. Defendant also contends that because all of the calls were not monitored, the jury

should be allowed to infer that the many of the calls that were monitored were interpreted by the

Government out of context. Defendant's position is that, "[i]f the jury believes the evidence is

not sufficient and the police could have done more, it may determine the Government has not

met its burden." Doc. 276 at 2.  As the Government notes, however, this is not an appropriate

standard because the police can always do more—the question here is only whether they have

done enough. The question the jury must decide is whether the Government has met its burden

of proving Defendant's guilt, regardless of whether there is more evidence that could have been

.introduced, or whether investigators could have employed other investigative techniques.

Allowing irrelevant evidence as to whether there is *more* evidence out there is not

relevant, and could be confusing to the jury. The Government cites to *U.S. v. McVeigh* to support

its position, and the Court finds this reference to be appropriate:

> Under our system of criminal justice, the issue submitted to the jury is whether
> the accused is guilty or not guilty. The jury is not asked to render judgment about
> non-parties, nor is it normally asked to render a verdict on the government's
> investigation.

153 F.3d 1166, 1192 (10th Cir. 1998).   Federal Rule of Evidence 401 prohibits the introduction

of evidence unless "it has any tendency to make a fact more or less probable than it would be

without the evidence." Whether or not the Government could have done more sheds no light on

whether sufficient evidence was adduced to establish Defendant's guilt or innocence.  Also, Rule

403 forbids Defendant from eliciting evidence, otherwise relevant, if it will create unfair

prejudice, confuse the issues, or mislead the jury.  Allowing evidence of unmonitored "after

hours" calls will misdirect the jury.  The focus of the trial is whether the Defendant is guilty or

not guilty of the crimes charged and is not a referendum on the Government's investigation.

Another key problem with Defendant's argument is that it is based on sheer speculation in the hopes of thoroughly confusing the jury. Conveniently referring to the fact that hundreds of calls were missed (and in the Court's denial of Defendant's motion to suppress, the Court has determined that the actual number of missed calls was greatly exaggerated) without having to actually show that any one of them is in fact exculpatory, invites the jury to become sidetracked from the question of whether the Government has met its burden.  The *fact* that "after hours" calls were not monitored is vastly different from a request that a specific call be considered where that call is determined to be possibly exculpatory; but that is not what Defendant seeks. Instead, Defendant would like the jury to speculate as to the content of these non-intercepted communications and go even further and assume that they may be exculpatory.  There is no probative value in that form of testimony or in such evidence.  The Court agrees with the Government that it is a purpose-driven trial tactic designed to create unfair prejudice against the Government, confuse the issues, and mislead the jury.

As the Tenth Circuit has observed, to allow a defendant to put the government on trial because there might have been something more that could have been done "would inevitably divert the jury's attention from the issues at trial." *McVeigh*, 153 F.3d at 1192; *see also U.S. v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (evidence showing the Government's investigation was "sloppy" was irrelevant in case where Government originally "miscalculated the number of bogus prescriptions").  For these reasons, the Government's motion in limine is GRANTED.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

3