IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                              Criminal No. 13-01152 WJ

GABRIEL MIRABAL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**REGARDING DEFENDANT'S PRIOR CONVICTION AS A "CRIME OF VIOLENCE"**

THIS MATTER comes before the Court regarding the parties' proposed instructions for Count 6 of the Superseding Indictment, charging Defendant with a violation of 18 U.S.C. section 931(a)(1).

The parties attempted to stipulate to language for the second element of the offense—"that Defendant was convicted of a felony crime of violence"—, but Defendant contends that his prior conviction for aggravated battery with a deadly weapon in violation of NMSA §30-3-5(C) 1978), was not a "crime of violence." *See* Doc. 274 at 8 & Doc. 306 at 1. He also claims that whether the conviction is a "crime of violence" is an essential factual element for the jury to decide. The Government opposes this position and maintains that the issue is a question of law for the Court to decide and that Defendant's prior conviction qualified as a "crime of violence" under 18 U.S.C. §16. The Court ordered supplemental briefing on this issue. *See* Doc. 327.[1]

**I.**    **Whether Prior Conviction is "Crime of Violence" Under 18 U.S.C. ¶16**

---

[1] The relevant pleadings submitted by the parties on this issue are: Docs. 317, 323, 326, 329 and 330.

In Count 6 of the Superseding Indictment, Defendant is charged with a violation of 18 U.S.C. §931(a)(1). This charge is based on Defendant's possession of body armor after having been convicted of "aggravated battery with a deadly weapon" in New Mexico state court in violation of NMSA §30-3-5(C) 1978), the relevant part of which is as follows:

> A. Aggravated battery consists of the unlawful touching or application of force to the person of another **with intent to injur**e that person or another. . .
>
> C. Whoever commits aggravated battery inflicting great bodily harm **or does so with a deadly weapon** or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

N.M.S.A. 1978, §30-3-5(A) & (C) (emphasis added). A violation of 18 U.S.C. § 931(a)(1) requires that the prior conviction was a "felony crime of violence" as defined in 18 U.S.C.§16. Under 18 U.S.C. §16, the term "crime of violence" means:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §16.

    A.    *Applicability of Johnson*

Defendant contends that the prior aggravated battery conviction cannot be a "crime of violence," based on what he describes as the "residual clause" of 18 U.S.C. §16, relying on a recent decision by the United States Supreme Court in *Johnson v. U.S.,* -- U.S. --, 135 S.Ct. 2551 (2015). The issue in *Johnson* was whether a prior conviction for unlawful possession of a short-barreled shotgun met the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B) (ACCA's "residual clause"). The Supreme Court acknowledged that courts apply the categorical approach when determining whether an offense is

a "violent felony." However, when that approach was applied to the ACCA's residual clause, a court was required to picture the kind of conduct that the crime involves in "the ordinary case," and to judge whether that abstraction presented a "serious potential risk of physical injury" under §924(e)(2)(B). *Johnson* found that an "ordinary case" analysis involved too much "judicially imagined abstraction" as well as "guesswork and intuition." *Id*. at 2557-2559 (citations omitted). Based on this reasoning, *Johnson* held that the ACCA's residual clause was unconstitutionally vague because it left "grave uncertainty about how to estimate the risk posed by a crime," *id*. at 2554, and because the process by which courts categorize prior convictions as violent felonies (that is, the "ordinary case" analysis) is too "wide-ranging" and "indeterminate," *id.* at 2557. Defendant here argues that *Johnson's* holding applies to this case because the language in 18 U.S.C. §16 is similar to that in the ACCA's residual clause.

This Court has previously considered this issue in another case involving the definition of "crime of violence" under 18 U.S.C. §924(c)(3), and rejected this argument. *See U.S. v. Melgar-Cabrera,* Crim. No. 09-2962 WJ, Doc. 390 (filed 8/24/15).[2]  The Court sees no need to reiterate its entire analysis, which it hereby adopts as its rulings in the instant case.  The Court found that there were sufficient distinctions between 18 U.S.C. §924(c)(3) (the provision at issue in *Melgar-Cabrera*) and the ACCA's residual clause so as to preclude its application to §924(c)(3).  The Court found that defendant's reliance on *Johnson* was misplaced, first because the two provisions were not as analogous as defendant in that case had argued; and second because *Johnson* did not turn solely on the use of the "ordinary case" analysis (which would govern here as well), but rather on its particular use within the context of the ACCA's provisions.  *See*

---

[2]  The Court notes here, as it noted in the *Melgar-Cabrera* case, that while case law is "replete" with references to §924(e)(2)(B)(i) as the "force clause" of the Armed Career Criminal Act and to §924(e)(2)(B)(ii) as its "residual clause," the Court found no references to a "residual clause" for either §924(c)(1)(A) and (B) or 18 U.S.C. §16(b), which has language identical to §924(e)(2)(B).  *Melgar-Cabrera,* 09cr2962 WJ, Doc. 390 at 2, n.1.

3

*Melgar-Cabrera,* 09cr2962 WJ, Doc. 390 at 10. While the relevant provision in the *Melgar-Cabrera* case involved 18 §924(c)(3) rather than 18 U.S.C. §16(b), the two provisions are identical, as the Court has previously noted, *id.* at 2, 9-10. Thus the Court's findings and conclusions in that case apply here as well.

The Government's response to this issue echoes the Court's previous findings, noting specific distinctions between the ACCA's residual clause and §16(b). For example, unlike the ACCA provision, §16(b) contains no confusing list of enumerated offenses; it has been limited to a narrow risk of force during the commission of the offense and thus a court need not interpret (as it would under the ACCA) an enumerated list according to the "serious potential risk" under each offense poses. *See, e.g., Begay v. U.S.,* 553 U.S. 137, 143 (2008) ("the examples [in the ACCA residual clause] are . . . far from clear with respect to the degree of risk each poses"). Also, as the Government notes, the absence of significant case law regarding §16(b) indicates that, unlike the ACCA, there is no lack of certainty regarding an evenhanded application of the provision. In the one significant decision issued by the Supreme Court, *Leocal v. Ashcroft,* a unanimous court expressed no uncertainty and had no difficulty adopting an interpretive framework that identified one offense (burglary) as the "classic example" of a §16(b) qualifying offense, and another (DUI) that was not. 543 U.S. 1, 10 (2004).

Based on the difference in language between the ACCA's residual clause and 18 U.S.C. §16, the lack of uncertainty or equivocation in applying §16's statutory language to a determination of whether an offense is a "crime of violence," and the similarity between the language in §16(b) and §924(c)(3) which was the subject of the Court's previous Memorandum Opinion and Order, the Court finds and concludes that *Johnson* does not apply here, and that 18 U.S.C. §16(b) is not unconstitutionally vague.

B.      Method of Analysis

There are two ways to determine whether an offense involves a crime of violence: a "categorical approach" and a "modified categorical approach." *See U.S. v. Rodriguez,* 768 F.3d 1270, 1273 (10th Cir. 2014) (citing *U.S. v. Wise,* 597 F.3d 1141, 1144 (10th Cir. 2010). The categorical approach involves examination of the statutory definition of the offense, rather than the particular facts of the case. *Id.* (citation omitted).  *Taylor v. U.S.*, 495 U.S. 575, 600 (1990); *U.S. v. Serafin*, 562 F.3d 1105 (10th Cir. 2009) (possession of unregistered weapon did not constitute a crime of violence within meaning of firearm statute).  The "modified categorical approach" is used when the statute is ambiguous or broad enough to cover crimes that are both violent and nonviolent. *Rodriguez,* 768 F.3d at 1273.  In these circumstances, the court can use records from the prior case to determine which part of the statute was charged. *Id.*  Such records include jury instructions and plea agreements. *U.S. v. Trent,* 767 F.3d 1046, 1054 (10th Cir. 2014); *see also U.S. v. Rooks,* 556 F.3d 1145   (10th Cir. 2009) (if statute reaches different types of conduct court may look to the "charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence.").

Selection of the approach turns on whether the prior offense is considered "divisible" or "indivisible." *See Descamps v. United States*, ⎯ U.S. ⎯, 133 S.Ct. 2276, 2281 (2013) (explaining that the modified categorical approach applies to divisible statutes).  A crime is considered "divisible" when it sets out the elements in the alternative. *Id.* at 2281. The modified categorical approach permits a court to determine which statutory phrase was the basis for the conviction. *Trent* at 1060 (citing *Descamps*, 133 S.Ct. at 2285.  Put another way, a divisible statute "contains a list of statutory phrases, at least one of which satisfies an element of a given generic crime." *Id.* at 1054.

Both parties agree that the divisibility doctrine applies to NMSA §30-3-5(c) and that the Court should use the "modified categorical approach" in determining whether it is a "crime of violence" under 18 U.S.C. §16. However, the Government contends that either the formal or modified approach leads to the same conclusion: that a violation of §30-3-5(C) constitutes a crime of violence as a matter of law. Defendant contends that the prior aggravated battery conviction under NMSA §30-5-3(C) is not a "crime of violence" because it includes one element ("application of force") that is within the definition of a generic battery and one that is beyond it ("unlawful touching"). *See U.S. v. Venzor-Granillo*, 668 F.3d 1224, 1231 (10th Cir. 2012) (stating that a statute cannot be a crime of violence if some conduct merits an enhancement while others do not). Defendant observes that the charging documents for this offense contain both statutory phrases, and so the jury never distinguished between them as to Defendant's conduct, meaning that there is no way to determine whether convicted of use of force or unlawful touching. This is critical, Defendant argues, because "unlawful touching" cannot qualify as "physical force" under its definition in 18 U.S.C. §16 and cannot meet the definition of a "crime of violence" under that statute.

Defendant bases this argument on what he considers to be an analogous case, *Johnson v. United States,* which involved a state court battery conviction, and is different from the *Johnson* case that found the ACCA's residual clause to be unconstitutional, *see* 135 S.Ct. at 2551. In this other *Johnson* case, 559 U.S. 133 (2010), the Supreme Court refused to equate the "offensive touching" elements of a battery conviction with the ACCA "crime of violence" definition of "use of physical force." As a result, the court held that the defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA. In doing so, the *Johnson* court interpreted the phrase "physical force" in the ACCA provision to mean "violent force." 559 U.S.

at 1271.  Defendant urges the Court to find that *Johnson* should be followed with equal force in this case, since the ACCA definition of "violent felony" and the definition of "crime of violence" in 18 U.S.C. §16 are "so similar."  Doc. 326 at 4.  However, as this Court noted in the *Melgar-Cabrera* case discussed above, reliance on the *Johnson* battery case was also misplaced because there was no basis to find that "physical force" meant "violent force" under §924(c).  Crim. No. 09-2962 WJ, Doc. 390 at 6.[3]  It is misplaced here as well because there is no basis supporting the idea, and Defendant provides no case law, that "physical force" in 18 U.S.C. §16 should be afforded the same definition of "violent force" that was given to the ACCA's residual clause.  In the preceding discussion, the Court determined that 18 U.S.C. §16 is not analogous to the ACCA's residual clause, and so the *Johnson* battery case is not helpful here and does not support Defendant's position.

On the other hand, the Government offers a salient point which the Court finds dispositive, and that is that any aggravated battery under the statute in question consists of an "intent to injure" an individual—whether it is through an "unlawful touching" or an "application of force."  Also, "aggravated battery with a deadly weapon" obviously requires that the defendant commit an aggravated battery "with a deadly weapon."  NMSA §30-3-5(C).  As the Government observes, the least nefarious conduct that could result in a conviction under §30-3-5)C) is to merely touch someone with a deadly weapon while intending to injure them.  Thus, even basing the analysis on the most innocuous of the statutory phrases, a conviction under §30-3-5(C) constitutes a "crime of violence."

The Government relies on a very similar Kansas state statute which defined "aggravated battery" in part as "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon."  *See U.S. v. Treto-Martinez,* 421 F.3d

---

[3] As the Court already noted above, 18 §924(c)(3) and 18 U.S.C. §16(b) contain identical language.

1156 (10th Cir. 2005. In that case, the Tenth Circuit recognized that not all physical contact performed in a rude, insulting or angry manner would rise to the level of physical force, but that "all *intentional* physical contact with a deadly weapon done in a rude, insulting or angry manner does constitute physical force." 421 F.3d at 1159 (emphasis added). As a result, the *Treto-Martinez* court held that the defendant's prior Kansas conviction for aggravated battery against a law enforcement officer constituted a "crime of violence" under §18 U.S.C. §16). The Government acknowledges that the New Mexico statute does not require that the touching by a deadly weapon be done in a "rude, insulting or angry manner," but submits that the "intent to injure" requirement in the New Mexico version is merely a semantic difference, since it is impossible to touch another person with a deadly weapon while intending to injure that person, but to do so in a manner that is not also rude, insulting or angry.[4] The Courts finds the *Treto-Martinez* case to be relevant and the Government's argument to be persuasive.

The Court also finds that there is no need to examine any of the charging documents in order to determine whether Defendant's prior conviction is a "crime of violence" because under either of the alternate means that could be employed under §30-3-5(A)—"unlawful touching" or "application of force"—Defendant committed a "crime of violence" under 18 U.S.C. §16. A similar conclusion was reached in the *Treto-Martinez* case. The court found it unnecessary to examine the records of another court based on its finding that the defendant had committed a "crime of violence" under either of the subsections of the state battery statute. *Id.* ("However, because we conclude that either subsection of § 21-3414—(a)(1)(B) of (a)(1)(C)—supports a

---

[4]  Defendant argues that the *Treto-Martinez* case is not relevant because it was decided five years before the *Johnson* opinion which found the regarding the ACCA's residual clause unconstitutionally vague. Because the Court has determined that *Johnson* is inapplicable to 18 U.S.C. §16, the *Treto-Martinez* case can be considered on its own merits.

finding that a defendant committed a "crime of violence" for purposes of § 2L1.2(b)(1)(A), we need not decide which provision Treto-Martinez's conduct violated.").

Accordingly, the Court finds that the Defendant's conviction for aggravated battery with a deadly weapon in violation of NMSA §30-3-5 constitutes a "crime of violence" under 18 U.S.C. §16.

## II.    "Crime of Violence" Determination is Question of Law

Defendant concedes that the Court makes the legal determination whether the jury can even consider the body armor charge, but nevertheless maintains that the jury must decide whether Defendant was previously convicted of a "crime of violence. Defendant relies on several cases including *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *U.S. v. Booker,* 546 U.S. 220, 244 (2005). Neither of these cases holds the answer to whether the Court or the jury should decide whether New Mexico's "aggravated battery with a deadly weapon" is a "crime of violence" under 18 U.S.C. §16. *Apprendi* holds that any fact that increases the punishment is an element which must be found by a jury. 530 U.S. 466, 483 (2000) (remand of sentencing enhancement where trial court, rather than jury, made finding that shooting was racially motivated). *Apprendi* does not settle the issue at all, since *Apprendi* also stated that the fact of a defendant's prior conviction was a matter for the court to decide. *Id.* at 490; *see also Almendarez Torres v. United States*, 523 U.S. 224 (1998) (fact that alien is deported following his conviction of aggravated felony was a sentencing factor and not a separate criminal offense and thus did not require submission to jury).

There is, however, case law indicating that a court decides whether a prior conviction is a crime of violence. *See U.S. v. Rivera-Oros*, 590 F.3d 1123, 1125 (10th Cir. 2009) (whether a prior offense is a "crime of violence" under U.S.S.G. § 2L1.2(b) is a question of law reviewed de

novo); *U.S. v. Smith,* 10 F.3d 724 (10th Cir. 1993) (describing analysis taken by courts to determine whether prior conviction is crime of violence); *United States v. Maldonado-Lopez,* 517 F.3d 1207, 1208 (10th Cir.2008) ("When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing **courts** to take a formal categorical approach) (emphasis added); *U.S. v. Morgan*, 748 F.3d 1024, 1034-35 (10th Cir. 2014) (whether a crime fits the § 924(c) definition of a "crime of violence" is a question of law; *see United States v. Munro,* 394 F.3d 865, 870 (10th Cir.2005) (calling the district court's determination of whether a crime is a crime of violence under § 924(c) a "legal conclusion"); *U.S. v. Zuniga-Soto,* 527 F.3d 1110, 1118 (10th Cir. 2008) ((in determining whether a prior conviction is a "crime of violence," a court examines only the elements of the statute of conviction); *U.S. v. Armijo*, 651 F.3d 1226, 1232 (10th Cir. 2011) (noting that the **court** "was tasked" with deciding whether the Colorado crime of assault two (drugging a victim) is a crime of violence) (emphasis added). Moreover, the Tenth Circuit's Criminal Pattern Jury Instructions contemplate that the district court will decide, as a matter of law, whether the predicate or prior conviction is a "crime of violence":

> First: the defendant committed the crime of [name of crime], [as charged in count ____ of the indictment.] **You are instructed that [name of crime] is a [drug trafficking crime] [crime of violence];**

Pattern Jury Instruction, §2.45 (2011) (emphasis added).   This pattern instruction as well as the cases just cited, clearly illustrate that in determining whether a prior conviction is a "crime of violence," a court does not look at the underlying facts of that conviction, but instead considers whether the offense itself is a crime of violence. *See U.S. v. Zuniga-Soto*, 527 F.3d at 1118 ("[w]hat [the defendant] actually did is irrelevant to whether the statute has [a particular] element. The elements are the elements, and they can be determined only by reading and interpreting the statute itself"). The process is not a weighing of facts, but a *legal* analysis.

Defendant cites to *U.S. v. Alleyne,* 133 S.Ct. 2151(2013) for the proposition that any fact or element of an offense needs to be presented and proven to a jury beyond a reasonable doubt, but this case only illustrates the weakness of Defendant's position   The issue in *Alleyne* was whether the defendant had brandished, as opposed to merely carrying, a firearm in connection with a crime of violence.  The court concluded that the issue was an element of the offense that had to be decided by the jury.  *Id.* at 2163.  The court's conclusion in *Alleyne* is not surprising, since the issue in that case was clearly a factual one which required a weighing of the evidence that was presented in the case in that case. However, determining whether a predicate offense is a "crime of violence" does not involve a weighing of the evidence at all, but requires a legal approach to determine the meaning of statutory language.

It is worth mentioning that relegating this task to the court also makes sense because submitting the matter to a jury would be a daunting notion.  It would require instructing a jury, usually comprised of lay persons, on the laborious and complex legal task of analyzing the elements in a particular statute, and how to go about doing this under a categorical approach. Other circuits to consider the idea have promptly rejected it.  The First Circuit struck a challenge similar to the one Defendant Mirabal makes now, as follows:

> [The defendant's] proposition stands logic on its ear.  The district court never directed the jury to find that [the defendant] committed either the crimes charged in counts 1 and 2 or the crime charged in count 3. To the contrary, **the court did no more than fulfill its proper function as the arbiter of the law, directing the jury as to the applicability of the term "crime of violence" in accordance with the definitions contained in the relevant statute.** See 18 U.S.C. § 924(c)(3) (defining term "crime of violence"). The question of whether counts 1 and 2 alleged crimes of violence was neither a question of fact nor a mixed question of fact and law. It did not implicate the weighing of testimony, the assessment of credibility, the use of external facts, or the like. The factual elements legitimately at issue under count 3-whether Taylor committed the crimes and whether he actually used or carried a gun during and in relation to their commission-were left for the jury's determination. The district court, then, did not err in making the

purely legal judgments necessary to guide the jury in its consideration of count 3 of the indictment.

*U.S. v. Weston,* 960 F.2d 212, 217 (1st Cir. 1992) (emphasis added), *overruled on other grds. by Stinson v. U.S.,* 508 U.S. 36 (1993).[5]

For the above reasons, the Court finds that the determination of whether Defendant's prior conviction is a "crime of violence" is a legal matter to be decided by the Court, and not the jury.

## CONCLUSION

In sum, the Court finds and concludes that a determination of whether a predicate or prior conviction is a felony "crime of violence" is a legal question for the Court to decide, and not the jury.

The Court finds and concludes that *Johnson v. U.S.,* -- U.S. --, 135 S.Ct. 2551 (2015) does not apply to this case, and that 18 U.S.C. §16 is not unconstitutionally vague.

Finally, the Court finds and concludes that under either a modified or formal categorical approach, Defendant's prior conviction for aggravated battery with a deadly weapon, in violation of New Mexico's aggravated battery statute, §30-3-5(C), constitutes a "crime of violence" as defined by 18 U.S.C. §16.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

---

[5] Other circuits have followed suit. *See United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996) ("Our sister circuits have held that, in the context of jury charges, the definition of 'crime of violence' is a matter of statutory interpretation that is a "purely legal judgment" for the court.") (citing *Weston*, 960 F.2d 212, 217); *see also United States v. Moore*, 38 F.3d 977, 979-81 (8th Cir.1994); *United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995), *cert. denied*, 516 U.S. 1164 (1996).