IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL MIRABAL,

    **Petitioner,**

v.                                            No. 1:18-cv-01024-WJ-JHR
                                               (No. 1: 13-cr-01152-WJ)

UNITED STATES OF AMERICA,

    **Respondent.**

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS,
AND DENYING PENDING MOTIONS**

THIS MATTER is before the Court upon the Proposed Findings and Recommended Dispositions ("PFRDs") filed on April 19, 2022 (CV Doc. 64) and June 23, 2023 (CV Doc. 91). In the PFRDs, the Magistrate Judge recommended the Court deny all of Petitioner's § 2255 claims. Petitioner filed timely objections to the PFRDs on May 9, 2022 (CV Doc. 66) and July 6, 2023 (CV Doc. 93). Having conducted a *de* novo review of the pleadings, the underlying criminal case record, the PFRDs, the objections, and the relevant law, the Court will **OVERRULE** the objections and **ADOPT** the PFRDs in full. The Court also denies all pending motions and denies a certificate of appealability.

**FACTUAL BACKGROUND**

In March 2012, the Drug Enforcement Agency (DEA) began an investigation of Petitioner Mirabal and other individuals for engaging in a narcotics conspiracy to traffic cocaine hydrochloride (powder cocaine) and cocaine base. (CR Doc. 197 at 1, 6). Because Mirabal appeared to be the leader of this group, DEA referred to the conspirators as the Mirabal Drug

1

Trafficking Organization ("Mirabal DTO"). (CR Doc. 1). From March to May 2012, DEA agents advanced their investigation with various methods, "including but not limited to visual surveillance, use of at least one confidential informant (CS-1) and controlled purchases of crack cocaine, attempted trash collection and attempted introduction of an undercover agent." (CR Doc. 197 at 6).

On May 30, 2012, DEA Special Agent (SA) Christopher Scott Godier submitted to the Honorable James A. Parker, Senior United States District Judge, lengthy affidavits in support of applications for orders authorizing the agents to intercept wire and electronic communications of Mirabal and other then-unknown subjects. (CR Docs. 100-1–100-6). The Affidavits referenced, in part, information obtained from CS-1, who had identified Mirabal as a cocaine supplier. The Affidavits did not include the entire criminal history of the CS-1, omitting convictions for fraud and identity theft. Judge Parker approved the wiretap warrants. (CR Docs. 100-3 at 13; 100-6 at 15).

After the Court issued the wiretap authorizations, DEA agents conducted wire and electronic interception of Mirabal's telephone, and they recorded transactions between Mirabal and others. Although the intercepted conversations never explicitly referenced narcotics, the conversations used "coded words" that the DEA agents recognized as referring to drug trafficking. (CR Doc. 197).

DEA agents established visual surveillance of Mirabal at his residence. On February 14, 2013, the agents witnessed Mirabal putting what appeared to be a soft grey gun case and a package of drugs into a red Infinity automobile that was parked at his residence. (CR Doc. 197 at 32). Later, near Unser Road in Albuquerque, Deputy Micah Barker met with DEA agents investigating the

Mirabal DTO. Deputy Barker was asked to assist in conducting a traffic stop on a suspected drug trafficker in the red Infinity that was thought to contain an assault weapon. (CR Doc. 197 at 32).

Deputy Barker then stopped Mirabal for speeding while he was driving the red Infinity. After a vehicle information inquiry indicated that the red Infinity did not belong to Mirabal, Deputy Barker searched the vehicle without Mirabal's consent. During the search, Deputy Mirabal discovered a knife and a 12" x 6" x 3" package that contained 1,126.4 gross grams of cocaine. (CR Doc. 197 at 32).

On April 24, 2013, DEA agents executed two separate search warrants – one for Mirabal's residence and the other for a storage unit rented by Mirabal. (CR Doc. 244 at 2). At the residence, among other things, the agents found:

   1. A Ruger SR40C .40 caliber pistol on the nightstand in the master bedroom;
   2. A Ruger magazine with seven .40 caliber rounds;
   3. Thirteen boxes of .223 ammunition in a linen closet;
   4. A scale in its box in the laundry room;
   5. Shrink wrap in a kitchen drawer;
   6. A scale in a kitchen cabinet bottom drawer;
   7. 21.6 grams of suspected crack cocaine contained inside a hidden false bottom of a Monster energy drink in the refrigerator;
   8. 935.5 grams of suspected marijuana contained inside a glass jar in the bottom left kitchen cabinet;
   9. 610.8 grams of suspected marijuana contained inside a glass jar in the bottom left kitchen cabinet.

Inside the storage unit, DEA agents found a bulletproof vest inside a plastic container. (CR Doc. 244 at 2).

## PROCEDURAL BACKGROUND

On April 9, 2013, a federal grand jury returned a five-count Indictment against Mirabal and the four co-defendants. (CR Doc. 1).[1] Mirabal was charged with two crimes in the first

---

[1] The four co-defendants all pled guilty to charges in the original Indictment. Three of them pled guilty pursuant to Rule 11(c)(1)(C) *binding* plea agreements to agreed terms of incarceration

3

Indictment: Conspiracy to Distribute 28 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and Possession with Intent to Distribute 500 Grams and More of Cocaine Hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Mirabal was arrested, and an Assistant Federal Public Defender ("AFPD") was appointed to represent him. (CR Doc. 12). The Court declared the criminal case complex on August 19, 2013. (CR Doc. 73).

On September 9, 2014, the Grand Jury filed a six-count Superseding Indictment against Mirabal. (CR Doc. 160). The charges included: Count 1, Conspiracy to Distribute 280 grams and more of a substance containing cocaine base; Count 2, Possession with Intent to Distribute 500 grams and more of a substance containing cocaine and aiding and abetting on February 14, 2013; Count 3, Possession with Intent to Distribute a substance containing cocaine and aiding and abetting on April 24, 2013; Count 4, Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime; Count 5, Felon in Possession of a Firearm; and Count 6, Possession of Body Armor by Felon Previously Convicted of a Crime of Violence. (CR Doc. 160).

Pretrial motion practice then ensued including two discovery motions and four motions to suppress evidence. (CR Docs. 79, 99, 100,.102. 133, 188). Following an evidentiary hearing held on December 16, 2014, the Court entered a Memorandum Opinion and Order denying discovery and suppression motions. (CR Docs. 195; 197).

Less than three weeks later, on January 12, 2015, Mirabal filed a motion seeking new counsel, alleging that AFPD counsel was ineffective and had failed to investigate his claims. (CR

---

– Elycio to 125 months, Romero to 120 months, and Jaramillo to 78 months. The remaining co-defendant, Dominic Anaya, pled guilty to the Count I conspiracy charge pursuant to an agreement with non-binding stipulations.

Doc. 198). After a February 25, 2015 hearing, that included ex parte discussions with AFPD counsel and Mirabal, the Court appointed new CJA counsel to represent Mirabal. (CR Docs. 208; 210; 211).

On May 20, 2015, the Court denied as moot Mirabal's motion to suppress and his motion in limine regarding statements by Michael Jaramillo because the government did not intend to call Mr. Jaramillo as a witness at trial. (CR Doc. 226). The next day, the Court entered a Memorandum Order and Opinion denying the motion to suppress the evidence seized from the storage unit. (CR Doc. 224).

On November 9, 2015, CJA defense counsel filed a renewed motion to suppress the Title III wiretap interceptions. (CR Doc. 263). That same day, the government filed four stipulations that would be presented at trial regarding the drug evidence. All four stipulations confirmed the content, weight and purity of the seized drugs as tested at government labs. (CR Doc. 265-1 at 1-2). Defense counsel then filed a "Notice of Agreement in Limine" that the government would not introduce a series of statements or evidence resulting from wiretaps placed on the phones of two men involved in separate cases. (CR Doc. 268). Also prior to trial, the Court once again denied renewed motion to suppress evidence from wiretaps. (CR Doc. 299).

Trial began on December 7, 2015. The jury found Mirabal not guilty on Counts 3 and 4 of the Superseding Indictment but convicted him on Counts 1, 2, 5, and 6. (CR Doc. 333; 336). Prior to trial, the Court had determined that Mirabal's prior New Mexico state conviction for aggravated battery with a deadly weapon was a crime of violence as defined by 18 U.S.C. § 16. (CR Doc. 331). Therefore, this prior felony conviction was deemed sufficient to serve as the predicate felony required to support the conviction for possession of body armor in Count 6.

The Presentence Investigation Report (PSR) found that, based on drug quantity alone, Mirabal had an offense level of 38 and that two enhancements applied: a two-point enhancement for possession of a firearm in furtherance of a drug trafficking offense, and a second two-point enhancement for being the leader or organizer of a drug trafficking conspiracy. The enhancements brought Mirabal's guideline offense level to 42. Alternatively, the PSR found that Mirabal was a career offender based on prior offenses, also resulting in a guideline offense level of 42. As a career offender, Mirabal's criminal history category rose to the highest level – VI. An offense level of 42 coupled with a criminal history of VI resulted in an advisory guideline range of 360 months to life incarceration. On June 9, 2016, the Court sentenced Mirabal within that applicable guideline range to a term of imprisonment of 432 months. (CR Doc. 384; 386).

On July 29, 2016, CJA counsel filed a Notice of Appeal on behalf of Mirabal. About one month later, however, Mirabal filed a pro se request for new appellate counsel, and the Tenth Circuit appointed a CJA appellate attorney to represent Mirabal. (CR Doc. 398). After filing of the opening appellate brief, Mirabal filed another pro se request for appointment of new appellate counsel. Attached to that request was a pro se brief raising additional issues not previously briefed. On June 1, 2017, the Tenth Circuit denied Mirabal's motion for new counsel but directed appellate counsel to file a supplemental memorandum addressing the additional arguments made by Mirabal.

On appeal, Mirabal's primary arguments focused on the reasonableness of the search of the red Infinity in violation of his Fourth and Sixth Amendment rights. In his supplemental arguments, Mirabal maintained that: (1) there was insufficient evidence to convict; (2) certain evidence had been destroyed in bad faith; and (3) the government had wrongfully held evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). After holding oral argument, the Tenth Circuit affirmed in a published opinion issued November 29, 2017. *See United States v. Mirabal*,

876 F.3d 1029, 1032 (10th Cir. 2017). Subsequently, Mirabal filed a Petition for a Writ of Certiorari on February 16, 2018, which the United States Supreme Court denied on May 14, 2018. (CR Docs. 410; 411).

Petitioner Mirabal filed his initial Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence challenging the convictions for which he is serving a 432-month sentence. (CV Doc. 1; CR Doc. 424). The Court dismissed and granted Petitioner leave to file an Amended § 2255 motion, which he did. (CV Docs. 19, 20). Following filing of the United States' response and Petitioner's reply, the Court entered an Order referring the § 2255 Motion to United States Magistrate Judge Karen Molzen. (CV Doc. 30).

Magistrate Judge Molzen entered her Preliminary Proposed Findings (CV Doc. 64) on April 19, 2022. The Preliminary Proposed Findings recommended dismissal of all but a single issue raised in one of Petitioner's five habeas claims. (CV Doc. 64) ("first PFRD"). Petitioner Mirabal objected to the first PFRD on May 9, 2022. (CV Doc. 66). Following briefing on the single issue, the Magistrate Judge issued a second Proposed Findings and Recommended Disposition on June 23, 2023, recommending denial of that issue. (CV Doc. 91) ("second PFRD"). On July 6, 2023, Petitioner Mirabal also filed objections to the second PFRD. (CV Doc. 93).

## LEGAL STANDARD

The Court referred the case to Magistrate Judge Molzen pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 30). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be

7

both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting a PFRD, the district court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that *de novo* review is required. Consequently, a brief order expressly stating the court conducted *de novo* review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d at 583–84). "[E]xpress references to *de novo* review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). The Supreme Court has explained that "in providing for a *de novo* determination rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

## THE FIRST PFRD

In the first PFRD, the Magistrate Judge recommended that Grounds One, Two, Three, and Five of Petitioner's Motion be denied (CV Doc. 64 at 32). The first PFRD also recommended that Ground Four be denied except for the single issue that Mirabal was improperly convicted of

8

possession of body armor by a felon who has been convicted of a crime of violence in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7). (CV Doc. 64 at 31). The Magistrate Judge appointed counsel to represent Petitioner Mirabal on that one issue and set a briefing schedule. (CV Doc. 65, 69).

Petitioner Mirabal advanced five claims for § 2255 relief: (1) violations of his Fourth Amendment constitutional rights by the physical and electronic searches; (2) violations of his Fifth and Sixth amendment rights through withheld or destroyed evidence; (3) ineffective assistance of counsel; (4) improper sentencing enhancements including the finding that his previous state aggravated battery conviction was a crime of violence sufficient to constitute a predicate felony; and (5) government presentation of false or misleading testimony. (CV Doc. 64 at 10). The Magistrate Judge rejected all of Mirabal's contentions except for issue (4), which the Judge reserved for further briefing following appointment of counsel on that one issue. (CV Doc. 64 at 2).

On the first issue, the Magistrate Judge noted that all of Mirabal's Fourth Amendment arguments had been raised in multiple motions to suppress and on appeal and the District and Tenth Circuit Courts had ruled against him on those claims. (CV Doc. 64 at 11-13). The Magistrate Judge also concluded that one of his Fourth Amendment arguments was raised in the underlying criminal proceedings but not on appeal and, therefore, was procedurally defaulted. (CV Doc. 64 at 13). Therefore, the Magistrate Judge concluded that the Fourth Amendment claims all failed on the merits or as procedurally barred.

Petitioner Mirabal's objections to the First PFRD contain nothing more than a difficult to follow re-hashing of the Fourth Amendment arguments made in his Amended §2255 motion. (CV Doc. 66 at 2-11. The Magistrate Judge thoroughly considered and analyzed all of Petitioner's

9

arguments. (CV Doc. 64 at 11-13). Conducting a *de* novo review and finding no error in the Magistrate Judge's analysis on the Fourth Amendment claims, the Court overrules Petitioner's objections and adopts the first PFRD's recommendation that the Court dismiss Petitioner's Fourth Amendment claims.

Mirabal also objects to the Magistrate Judge's recommendations with respect to his second group of Fifth and Sixth Amendment claims relating to withholding and destruction of evidence. (CV Doc. 64 at 12-13). The Magistrate Judge found that many of his Fifth and Sixth Amendment arguments had been procedurally defaulted and that he failed to demonstrate cause, actual prejudice, or miscarriage of justice sufficient to overcome the procedural default. (CV Doc. 64 at 14-15). As to his last Fifth and Sixth Amendment argument, the first PFRD concluded that, because the Tenth Circuit had ruled against Petitioner Mirabal both on preservation and the merits, his argument was barred by law of the case. (CV Doc. 64 at 17).

Mirabal's objections do not address the Magistrate Judge's findings but, instead, simply restate the same arguments he made on appeal and in his § 2255 motion. (CV Doc. 66 at 12-13). Again, reviewing his arguments *de novo* and finding no factual or legal deficiency in the first PFRD, the Court overrules Petitioner's objections and adopts the first PFRD's rejection of Mirabal's Fifth and Sixth Amendment claims.

On the third set of issues of ineffective assistance of counsel, the Magistrate Judge applied the standard under *Strickland v. Washington,* 466 U.S. 668 (1984) and analyzed Mirabal's claims against his FPD, CJA, and appellate attorneys. (CV Doc. 64 at 17-22). The first PFRD concluded that there was no evidence of deficiencies in the representation by any of his attorney's and Petitioner's ineffective assistance of counsel claims are without merit. (CV Doc. 64 at 17-22).

Petitioner Mirabal's Objections continue to recite his litany of complaints about every attorney that represented him at the trial or appellate level. (CV Doc. 66 ay 13-19). After *de novo* review, the Court finds no legal or factual error in the Magistrate Judge's application of the *Strickland* standard to this case, overrules Petitioner's Objections and adopts the Magistrate Judge's recommendation that his arguments regarding his attorneys be denied and his § 2255 claims of ineffective assistance of counsel be dismissed.

As to his fourth set of sentencing enhancement issues, the Magistrate Judge ruled against Petitioner on all of his arguments except the single issue of whether his aggravated battery conviction was still a proper predicate crime of violence following *Sessions v. Dimaya.* As to all of the arguments other than the *Dimaya* argument, the Magistrate Judge found that Mirabal had failed to raise any of the sentencing issues on appeal and had presented no argument to excuse his failure to do so and, therefore, the issues were procedurally defaulted and the First Step Act, which was in effect when he was sentenced, did not entitle Mirabal to any further relief. (CV Doc. 64 at 28-32).

In his Objections, Mirabal again argues his version of the facts underlying sentencing in his criminal case and does not respond to the procedural default ruling other than to claim it is one more example of ineffective assistance of counsel. (CV Doc. 66 at 19-23). The Court, after *de novo* review, and noting the Magistrate Judge's conclusion that there is no evidence of ineffective assistance, overrules Petitioner's objections and adopts the Magistrate Judge's recommendations that his sentencing enhancement arguments be rejected.

Last, as his fifth argument for § 2255 relief, Petitioner Mirabal contends that the government violated his constitutional rights by allowing co-defendant Anaya to present perjured testimony. (CV Doc. 64 at 30). The Magistrate Judge found that on appeal the Tenth Circuit had

11

assumed Anaya's testimony violated his confrontation clause rights, reviewed Mirabal's claim regarding Anaya's testimony under a harmless error standard, and ruled against him on the merits, and that Mirabal's perjury claims are barred by the law-of-the-case doctrine. *See Mirabal,* 876 F.3d at 1035.

In his Objections to the first PFRD, Petitioner Mirabal again asserts that perjured testimony by Anaya violated his confrontation clause rights and that the Tenth Circuit was in error because it is speculative to assume a jury would still have found Mirabal guilty without Anaya's testimony. (CV Doc. 66 at 26-28). The Court, again, has conducted a *de novo* review of the issue and finds no error in the Magistrate Judge's findings. The Court overrules Petitioner's objections based on alleged perjured testimony and adopts the first PFRD's recommendations.

## THE SECOND PFRD

In the second PFRD, Judge Molzen considered the single counseled issue presented by Petitioner: whether Petitioner was lawfully convicted of being a felon in possession of body armor based on a prior state "crime of violence" conviction under 18 U.S.C. § 16's definition of a "crime of violence" and in light of the U.S. Supreme Court's invalidation of § 16(b)'s residual clause. (CV Doc. 91, p. 1). In the underlying criminal proceedings, the Court had found that Petitioner's state criminal conviction of aggravated battery with a deadly weapon did qualify as a "crime of violence" under both the elements and the residual clauses of 18 U.S.C. §16 (a) and (b). (CV Doc. 91 at 1-2). The U.S. Supreme Court subsequently invalidated the § 16(b) residual clause in *Sessions v. Dimaya*, 584 U.S. ___, 138 S.Ct. 1204 (2018).

The Magistrate Judge assessed whether the predicate state aggravated battery conviction still qualifies as a crime of violence under the § 16(a) elements clause, supporting Petitioner's federal conviction for illegally possessing body armor. (Doc. 91 at 2). After analyzing recent Tenth

Circuit decisions, Judge Molzen found that under the categorical approach, the aggravated battery state conviction survives *Dimaya's* invalidation of the residual clause and thus Petitioner's federal conviction stands. (CV Doc. 91 at 2-3):

> Using the categorical approach, the Tenth Circuit has expressly found that an aggravated battery conviction in violation of NMSA 30-3-5(C) qualifies under the elements clause as a crime of violence. *United States v. Manzanares*, 956 F.3d 1220, 1226 (10th Cir. 2020), cert denied 141 S. Ct. 1396 (2021). Although the *Manzanares* analysis was performed in the context of the Armed Career Criminal Act, this Court sees no reason to believe the analysis would differ in the present context.

(CV Doc. 91 at 2). The Magistrate Judge noted that, by definition, the state conviction of aggravated battery with a deadly weapon "*necessarily requires* the *use* of the weapon to accomplish an unlawful touching of another person." (CV Doc. 91 at 3).

Petitioner Mirabal objects to the second PFRD on the grounds that the prior Tenth Circuit cases upholding the state aggravated battery conviction under the §16(a) elements clause cannot properly be applied to Petitioner's case. (CV Doc. 93 at 2). Based on its *de novo* review, the Court concludes that Petitioner Mirabal's objections to the second PFRD are contrary to Tenth Circuit precedent. The Court finds no error in the Magistrate Judge's application of Tenth Circuit law to the facts of this case, overrules Petitioner Mirabal's objections (CV Doc. 93), and adopts the second PFRD (CV Doc. 91).

## DENIAL OF PENDING MOTIONS

Pending before the Court are Petitioner's Motion to Appoint New Counsel (CV Doc. 21), Motion for Discovery (CV Doc. 40), Motion to Extend time to Respond (CV Doc. 41), Motion for Evidentiary Hearing (CV Doc. 42), Motion for Discovery and Hearing (CV Doc. 62), Motion Challenging Conspiracy and Sentence and Charging Disparities (CV Doc. 63), and Motion to Change Venue (CV Doc. 86). Because the Court is dismissing this § 2255 proceeding with

13

prejudice and without leave to amend, the Court will deny all these remaining pending motions as moot.

Also pending before the Court is Petitioner's Motion seeking to amend his § 2255 claims filed February 22, 2024. (CV Doc. 99). In his Motion to Amend, Petitioner asks for leave to file an amendment to his § 2255 motion contending that his 18 U.S.C. § 922(g) conviction is unconstitutional in light of the U.S. Supreme Court's decision in *New York Rifle & Pistol Association, Inc. v. Bruen,* ___U.S.___, 142 S.Ct. 2111 (2022). The Court denies Petitioner Mirabal's Motion to Amend.

First, Petitioner did not file his Motion to Amend until February 22, 2024, more than 5 years after Petitioner's original § 2255 Motion was filed and 8 months after the final PFRD was entered in this case. All proceedings except this Memorandum Opinion and Order had been completed by the time the Motion to Amend was filed. Further, the 2255 Motion in this case has already been amended. (Doc. 20). Fed. R. Civ. P. 15 provides that leave to amend should be freely granted only when justice requires. The Court concludes that, at this late stage of the proceedings, justice does not require granting leave to amend another time.

Given the late stage of the proceedings, the Court could construe the motion to amend as a second or successive § 2255 motion. Section 2255(h) provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court

14

of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Petitioner Mirabal appears to argue that *Bruen* is a new rule of constitutional law previously unavailable to him. (Doc. 99 at 1). However, he has not sought or obtained Tenth Circuit approval to proceed in this Court on his *Bruen* theory. Therefore, if the Court was to treat his Motion to Amend as a request to proceed on a second or successive § 2255 theory, this Court lacks jurisdiction to hear the claim. 28 U.S.C. § 2244(b)(3)(A).

Last, when a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). However, the Court declines to transfer Petitioner's Motion to Amend because Petitioner's argument appears to lack any merit and the interests of justice would not be served by a transfer. When a § 2255 claim is based on new U.S. Supreme Court precedent, the statute of limitations for the claim is one year from the date of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). The *Bruen* decision was handed down on June 27, 2022, almost a year and eight months prior to Petitioner's Motion to Amend.

Further, the U.S. Supreme Court did not make *Bruen* retroactively applicable to collateral review proceedings in criminal cases. 28 U.S.C. § 2244(d)(1)(C); 28 U.S.C.§ 2255(h)(2). Last, the Tenth Circuit has expressly rejected Petitioner's *Bruen* argument relating to § 922(g) convictions on the merits. *See Vincent v. Garland,* 80 F.4th 1197 (10th Cir. 2023); *United Sates v. Willis*, No. 23-1058 (10th Cir. February 29, 2024). The Court will deny Petitioner Mirabal's Motion to Amend (Doc. 99) as untimely and without authorization. The Court also determines that amendment would be futile and declines to transfer the motion to amend because Mirabal's *Bruen*

claim appears to be barred by the statute of limitations and appears to be without merit under current Tenth Circuit precedent.

## DENIAL OF A CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. The court may issue a certificate of appealability only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court, having conducted a *de novo* review and found no legal or factual error, adopts the Magistrate Judge's recommendations, dismisses this § 2255 civil case, and determines that Mirabal has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED**:

1. Petitioner's Motion to Amend/Correct (CV Doc. 99) is **DENIED**;

2. Petitioner's Motion to Appoint New Counsel (CV Doc. 21), Motion for Discovery (CV Doc. 40), Motion to Extend time to Respond (CV Doc. 41), Motion for Evidentiary Hearing CV (Doc. 42), Motion for Discovery and Hearing (CV Doc. 62), Motion Challenging Conspiracy and Sentence and Charging Disparities (CV Doc. 63) and Motion to Change Venue (CV Doc. 86) are **DENIED** as moot;

3. Petitioner's Objections to the PFRDs (CV Doc. 66, 93) are **OVERRULED**;

4. The Preliminary Proposed Findings (CV Doc. 64) and Proposed Findings and Recommended Disposition (Doc. 91) are **ADOPTED** in their entirety;

5. All claims in Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's conviction or sentence (CV Doc. 20; CR Doc. 424) are **DENIED** and this § 2255 proceeding is **DISMISSED WITH PREJUDICE**; and

6. A Certificate of Appealability is **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE