FILED
United States Court of Appeals
Tenth Circuit

October 23, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

───────────────────────────────

UNITED STATES OF AMERICA,

    Respondent - Appellee,

v.

GABRIEL MIRABAL,

    Petitioner - Appellant.

No. 24-2048
(D.C. Nos. 1:18-CV-01024-WJ-JHR &
1:13-CR-01152-WJ-KBM-1)
(D. N.M.)

───────────────────────────────

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

───────────────────────────────

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.

───────────────────────────────

Gabriel Mirabal, a federal prisoner appearing pro se, seeks a certificate of appealability in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion. We deny his application and dismiss this matter.

I

The underlying facts of this case were outlined in our decision denying Mr. Mirabal's direct appeal. *See United States v. Mirabal*, 876 F.3d 1029, 1031–32 (10th Cir. 2017). Suffice it to say that Mr. Mirabal, a convicted felon, was suspected by federal authorities of having an assault rifle in the trunk of a car he was driving. A local

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

law enforcement officer stopped Mr. Mirabal for a traffic violation, determined the car did not belong to Mr. Mirabal, searched the car without Mr. Mirabal's consent, found no assault rifle, but did find a kilogram of cocaine and a knife. Subsequent searches of Mr. Mirabal's residence and a rental storage unit produced a pistol, ammunition, a bulletproof vest, and crack cocaine.

Mr. Mirabal was charged and ultimately convicted by a jury of conspiracy to distribute at least ten ounces of crack cocaine, possession of 500 grams or more of powder cocaine with intent to distribute, being a felon in possession of a firearm and ammunition, and unlawful possession of body armor. The district court sentenced Mr. Mirabal to a term of imprisonment of 432 months, which was within the applicable guidelines range.

Mr. Mirabal filed a direct appeal raising five issues: (1) whether the local law enforcement officer who stopped him "violated the Fourth Amendment by going into the interior of the car and pulling the armrest down," *id.* at 1032; (2) whether the district court erred in restricting his cross-examination of the car's owner; (3) whether the evidence presented at trial was sufficient to support his convictions, (4) whether the government destroyed drug evidence in bad faith; and (5) whether the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We rejected all five arguments and affirmed Mr. Mirabal's convictions.

Mr. Mirabal then filed a pro se § 2255 motion to vacate, set aside, or correct sentence. His amended § 2255 motion asserted five general grounds for relief: (1) that his Fourth Amendment rights were violated through physical and electronic searches;

(2) that his Fifth and Sixth Amendment rights were violated due to destroyed or withheld evidence; (3) that he received ineffective assistance of counsel; (4) that the district court improperly applied sentencing enhancements, including one based on its conclusion that Mr. Mirabal's prior New Mexico conviction for aggravated battery with a deadly weapon qualified as a crime of violence; and (5) that the government presented false or misleading testimony at trial from Mr. Mirabal's co-defendant.

The magistrate judge recommended that all of the claims in the amended § 2255 motion be denied, except for the claim regarding whether Mr. Mirabal's prior New Mexico conviction qualified as a crime of violence. As to that issue, the magistrate judge appointed counsel for Mr. Mirabal and requested additional briefing. Following additional briefing on the crime of violence issue, the magistrate judge issued a second order recommending denial of that issue. Mr. Mirabal objected to the magistrate judge's recommendations.

The district court overruled Mr. Mirabal's objections, adopted the magistrate judge's recommendations in full, and denied Mr. Mirabal a COA.

Mr. Mirabal now seeks a COA from this court.

II

The granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003). To obtain a COA, Mr. Mirabal must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

3

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). In addition, because the district court in this case denied some of Mr. Mirabal's claims on procedural grounds, he must also, with respect to those claims, show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In evaluating whether Mr. Mirabal has satisfied these burdens, we undertake "a preliminary, though not definitive, consideration of " his claims. *Miller-El*, 537 U.S. at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

A

We begin with Mr. Mirabal's Fourth Amendment challenges to the searches that were conducted by law enforcement. The district court noted that all of Mr. Mirabal's Fourth Amendment arguments were raised in multiple motions to suppress and all of those motions were denied. The district court further noted that Mr. Mirabal raised all but one of his Fourth Amendment arguments on appeal and those arguments were rejected by this court. The district court concluded that the claims raised by Mr. Mirabal on direct appeal failed on the merits, and that the remaining claim that Mr. Mirabal failed to raise on direct appeal was procedurally barred.

We conclude jurists of reason could not debate these rulings. Mr. Mirabal does not dispute that all but one of his Fourth Amendment claims were raised in his direct

appeal.  "[U]nder the law-of-the-case doctrine," we generally "refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."  *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013); *see United States v. LaHue*, 261 F.3d 993, 1010 (10th Cir.2001) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).  Although there are three exceptions to the law-of-the-case doctrine, Mr. Mirabal does not argue that any of them apply here.  *See United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (identifying the three exceptions).  He has therefore failed to demonstrate that jurists of reason could debate the district court's resolution of the Fourth Amendment claims he raised on direct appeal.

That leaves the Fourth Amendment claim that Mr. Mirabal failed to raise on direct appeal (i.e., that the special agent who provided an affidavit in support of a request for a wiretap failed to follow Title III guidelines).  Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue on direct appeal creates a procedural bar.  *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).  Procedural default can be excused if the defendant shows (1) that cause and prejudice exist to excuse the default or (2) that enforcing the default will result in a fundamental miscarriage of justice.  *Id.*  Mr. Mirabal made no attempt below to show cause and prejudice for his failure to raise the issue on direct appeal, nor did he argue that a fundamental miscarriage of justice would occur unless the district court considered his

defaulted claim. We therefore conclude reasonable jurists could not debate the district court's conclusion that this claim was procedurally barred.

B

We turn next to Mr. Mirabal's Fifth and Sixth Amendment claims relating to the alleged destruction of seized drugs, the alleged withholding of key discovery and information until trial, and the alleged failure to disclose evidence affecting the credibility of a confidential informant.

The district court concluded the law-of-the-case doctrine barred relief on the destruction of evidence and withholding of evidence claims, noting those issues were raised by Mr. Mirabal on appeal and rejected by this court. Mr. Mirabal does not dispute that we rejected those claims in his direct appeal. *See Mirabal*, 876 F.3d at 1038 (rejecting destruction of evidence claim), 1039 (denying withholding of evidence claim). Nor does he offer any argument that would persuade us that the law-of-the-case doctrine should not apply. Consequently, we conclude reasonable jurists could not debate the district court's resolution of these claims.

As for Mr. Mirabal's claim that the prosecution failed to disclose evidence affecting the credibility of a confidential informant, the district court concluded the claim was procedurally barred because Mr. Mirabal actively pursued discovery on this claim prior to trial, but did not raise the claim on direct appeal. The district court further concluded that Mr. Mirabal failed to show cause for his failure to raise the issue on appeal, actual prejudice, or a miscarriage of justice. Mr. Mirabal makes no attempt in his

application for COA to rebut these conclusions. We therefore conclude he has failed to establish his entitlement to a COA on this issue.[1]

C

Mr. Mirabal claimed in his § 2255 motion that the two attorneys who represented him during the district court proceedings, as well as the attorney who represented him on direct appeal, were each ineffective in numerous respects. To succeed on these claims, Mr. Mirabal had to show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance was prejudicial to the claimant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court concluded Mr. Mirabal failed to make the first of these showings with respect to each of his claims.

In his application for COA, Mr. Mirabal repeats many of the allegations of ineffective assistance that he asserted in his § 2255 motion. But he makes no attempt to demonstrate why the district court's analysis of his claims was incorrect. As a result, he has failed to show reasonable jurists could debate the district court's resolution of the ineffective assistance claims.

---

[1] Mr. Mirabal also alleged in his § 2255 motion, and continues to allege in his application for COA, that the prosecutor engaged in misconduct by withholding key discovery, failing to produce a key witness, and presented perjured testimony. The district court concluded the claim was procedurally barred because it was based on information presented to the district court in pretrial motions, at trial, and in post-trial proceedings, but was not pursued on direct appeal. Mr. Mirabal does not attempt to refute these conclusions, and thus he has failed to establish his entitlement to a COA on this issue.

D

In his § 2255 motion, Mr. Mirabal challenged his conviction for possession of body armor by a felon who had been convicted of a crime of violence, in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7). More specifically, he argued the trial court erred in concluding that his prior New Mexico state conviction for aggravated battery with a deadly weapon, in violation of N.M. Stat. Ann. § 30-3-5(C), qualified as a predicate crime of violence under 18 U.S.C. § 16.

The district court concluded Mr. Mirabal's arguments were foreclosed by our decision in *United States v. Manzanares*, 956 F.3d 1220 (10th Cir. 2020). The defendant in *Manzanares* filed a § 2255 motion challenging his sentence under the Armed Career Criminal Act (ACCA). *Id.* at 1223. More specifically, the defendant in *Manzanares* argued that "his underlying New Mexico convictions (armed robbery, aggravated assault with a deadly weapon, and aggravated battery)" did not qualify as violent felonies under the ACCA's elements clause. *Id.* We held that the New Mexico crime of aggravated battery is a violent felony for purposes of the Armed Career Criminal Act (ACCA). *Id.* at 1228. That holding, we noted, was compelled by the decision in *United States v. Castleman*, a case in which the Supreme Court held that "knowing or intentional causation of bodily injury necessarily involves the use of physical force." 572 U.S. 157, 169 (2014). We also relied in *Manzanares* on *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), a post-*Castleman* decision in which we "concluded that Colorado second-degree assault is a crime of violence, even though the crime's elements 'focus on

8

the result of the conduct (serious bodily injury), not the conduct itself." *Manzanares*, 956 F.3d at 1228 (internal quotation marks omitted).

Because the definition of "violent felony" employed in 18 U.S.C. § 931 (which incorporates the definition of "violent felony" in 18 U.S.C. § 16) is nearly identical to the ACCA's definition of "crime of violence," we conclude that reasonable jurists could not debate the district court's conclusion that Mr. Mirabal's arguments were foreclosed by *Manzanares*.

E

Mr. Mirabal asserted a number of claims challenging the district court's calculation of his sentence. The district court concluded these claims were procedurally barred because Mr. Mirabal failed to raise them on direct appeal and, in turn, failed in his § 2255 motion to present any argument to excuse his failure to raise the issues on direct appeal. We conclude that reasonable jurists could not debate the district court's resolution of these claims.

F

Lastly, Mr. Mirabal claimed that the government presented false or misleading testimony at trial from his co-defendant. The district court concluded this claim was barred under the law-of-the-case doctrine because Mr. Mirabal raised the claim on direct appeal and this court rejected it. Mr. Mirabal does not dispute that the claim was raised and rejected on direct appeal. Nor does not argue that his case falls within any of the possible exceptions to the law-of-the-case doctrine. Consequently, we conclude that jurists of reason could not debate the district court's resolution of this claim.

III

We grant Mr. Mirabal's motion for leave to proceed in forma pauperis, but we deny his application for a COA and dismiss this matter.

                          Entered for the Court

                          Timothy M. Tymkovich
                          Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

October 23, 2024

Gabriel Mirabal
FCI - Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
#72300-051

**RE:** 24-2048, United States v. Mirabal
Dist/Ag docket: 1:18-CV-01024-WJ-JHR, 1:13-CR-01152-WJ-KBM-1

Dear Appellant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   James Robert Wolfgang Braun
      Nora Wilson

CMW/jjh